**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RICHARLETTE LEON ET AL** | **CASE NO. 6:25-CV-01588** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DHANOTA TRANSPORT INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO REMAND filed by Plaintiffs Richarlette Leon and Lacie Leon. [Doc. 11]. Defendants Dhanota Transport, Inc., Sukhwinder Singh, and St. Martin Parish Government oppose remand. [Docs. 13, 17]. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the instant motion be GRANTED and that this suit be REMANDED to the 16th Judicial District Court, St. Martin Parish, Louisiana.

## Factual Background

This suit arises from a motor vehicle collision on September 4, 2024. [Doc. 1-2 at ¶ 2]. On that date, Lacie Leon was driving a 2020 Hyundai Elantra and was stopped at the intersection of St. John Field Road (also identified as Parish Road 16) and State Highway 31 in St. Martin Parish. [*Id.*]. Richarlette Leon was a passenger in the vehicle. [*Id.*]. Plaintiffs allege that their vehicle was struck on the driver's side by an 18-wheeler truck owned by Dhanota and operated by Singh as Singh made a left turn from State Highway 31 onto Parish Road 16. [*Id.*].

Plaintiffs filed suit on September 23, 2025 in the 16th Judicial District Court, St. Martin Parish, Louisiana. [Doc. 1-2, generally]. The Petition alleges that Plaintiffs are

residents of St. Martin Parish, Louisiana [Doc. 1-2 at p. 1] and named Dhanota, Singh, and St. Martin as Defendants [*Id.* at ¶ 1]. Relevant here, Plaintiffs allege, alternatively, that the condition of Parish Road 16 contributed to the vehicle collision at issue and that St. Martin failed to maintain that road according to "Louisiana state regulations or accepted standards for road stripping/markings[.]" [*Id.* at ¶ 4].

Dhanota and Singh timely removed this suit to this Court,[1] invoking federal subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. [Doc. 1]. The Notice of Removal alleges improper joinder of St. Martin and urges the Court to disregard St. Martin's Louisiana citizenship for purposes of determining whether complete diversity exists among the parties. [*Id.*]. The instant motion asserts that the inclusion of St. Martin as a defendant is proper and deprives the Court of subject matter jurisdiction. [Doc. 11]. This Court notes that the parties do not contest the sufficiency of the amount in controversy. Accordingly, the focus of this Report and Recommendation is confined to diversity of citizenship as required under 28 U.S.C. § 1332.

## **Applicable Standards**

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree. It is to be presumed that a cause of action lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).

---

[1] Upon review of the record in this case, this Court required the filing of additional evidence on the issue of timeliness of removal. [Doc. 18]. As ordered, Plaintiffs filed evidence of service upon Dhanota and Singh, showing that these defendants were served on September 27 and 30, 2025, respectively. [Doc. 19]. Based on this evidence, this Court finds that Dhanota and Singh's October 22, 2025 removal was timely.

Federal district courts possess subject matter jurisdiction over, *inter alia*, cases in which there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332. Section 1332 requires "complete diversity," which is to say that no party on one side of the controversy may share citizenship with any party on the other side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Pursuant to 28 U.S.C. § 1441, a civil action filed in a state court over "which the district courts of the United States have original jurisdiction, may be removed by the…defendants…to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are construed strictly, resolving all doubts in favor of remand. *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A motion to remand challenges the propriety of removal and imposes upon the removing party the burden of establishing that complete diversity exists among the parties and that the amount in controversy meets the jurisdictional threshold. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Where, as here, defendants have removed based on alleged improper joinder of a non-diverse defendant, they must demonstrate either actual fraud in the pleading of jurisdictional facts, or the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (citing *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Where a court finds that a non-diverse defendant has been improperly joined, it "may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise

subject matter jurisdiction over the remaining diverse defendant[s]." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Defendants do not allege fraudulent pleading of jurisdictional facts but instead that Plaintiffs are unable to establish a cause of action against St. Martin under Louisiana law. [Docs. 1, 13, 17, 20]. In such cases, the court conducts a "Rule 12(b)(6)-type analysis 'looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law.'" *Id.* at 1046 (citing *Smallwood*, 385 F.3d at 572) (quoting *Travis*, 326 F.3d at 646–47). Courts may pierce the pleadings, however, to conduct a summary inquiry where the "plaintiff has state a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* (quoting *Hicks v. Martinrea Automotive Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573)). Where employed, the court's summary inquiry should be limited to the identification of "discrete facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573–74). The Fifth Circuit cautions that where courts pierce the pleadings, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573).

**<u>Analysis</u>**

Defendants allege that Plaintiffs' Complaint fails to state a claim as to which they might reasonably recover under Louisiana law. Plaintiffs' Complaint alleges:

> Alternatively, and only in the alternative, pursuant to Louisiana law, petition /sic/ alleges the collision was also caused, in whole or in part, by the negligence and fault of the ST. MARTIN PARISH GOVERNMENT and/or any other government entity responsible for the area of St. John Bridge Rd, also known as Parish Road 16 in St. Martin Parish, where the incident occurred for the following non-exclusive reasons, to-wit:

> A. Failing to inspect and maintain critical road stripping/markings /sic/ on St. John Bridge Road (Parish Road 16) near the intersection [of] State Highway 31;
>
> B. Failing to conform to Louisiana state regulations or accepted standards for road stripping/markings /sic/; and
>
> C. Any and all other acts of negligence.

[Doc. 1-2 at ¶ 4].

Defendants argue that Plaintiffs' claim fails to allege a breach of duty as required for Plaintiffs to recover against St. Martin under Louisiana law. [Doc. 13 at p. 9]. Based on this omission, Defendants invite the Court to pierce the pleadings and conduct summary inquiry into the sufficiency of Plaintiffs' claims. This Court disagrees and finds that Plaintiffs' Complaint fairly alleges the requisite elements of a negligence claim under Louisiana law. "Federal pleading standards do not demand 'any magic words,' but instead only require plaintiffs to give fair notice of all the claims brought against the defendant." *Barron v. United States*, 111 F.4th 667, 674 (5th Cir. 2024) (quoting *Boudreaux v. La. State Bar Ass'n*, 3 F.4th 748, 756 (5th Cir. 2021).

Defendants do not argue that Louisiana law does not permit a finding of negligence against a governmental entity for failure to properly maintain a roadway, or that Plaintiffs' Complaint fails to provide them with adequate notice of the nature of Plaintiffs' claims against St. Martin. *Naquin v. State Farm Auto. Ins. Co.*, cited by Defendants, affirms the existence of such a cause of action under Louisiana law, instructing that

> [a] governmental entity that has custody of a public roadway owes a duty to the traveling public to maintain the roadway in a condition that is reasonably safe for vehicular use and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence.

323 So. 3d 418, 421 (La. App. 1 Cir. 2021). Plaintiffs' Complaint fairly alleges that St. Martin is responsible for the maintenance of the road at issue, that it breached its duty of care by

failing to maintain the road markings in conformity with applicable standards and regulations, and that St. Martin's breach of this duty caused or contributed to the collision forming the basis of this suit.

This Court agrees that, in the context of summary judgment, Plaintiffs would be required to demonstrate that St. Martin had custody of Parish Road 16, that Parish Road 16 was defective because of a condition creating an unreasonable risk of harm, that St. Martin had actual or constructive knowledge of that defect and failed to take action to cure the defect within a reasonable time, and that Parish Road 16's defect was a cause-in-fact of Plaintiffs' injuries. However, Plaintiffs are not required to make this showing on the face of the pleadings. Rather, this Court finds that under a Rule 12(b)(6)-type analysis, the concern is whether the Complaint fairly states a cause of action against St. Martin. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (federal pleading standards applied in Rule 12(b)(6)-type improper joinder analysis).

Defendants' opposition asks this Court to weigh the merits of Plaintiffs' claims against St. Martin, and forecasts a terrible precedent should the Court reject their improper joinder allegations. [Doc. 13 at p. 9, expressing concern that such a ruling may lead to widespread naming of parishes in vehicular accident cases]. Respectfully, these arguments neglect the joinder issue in favor of policy-driven outcomes. Moreover, to the extent that Plaintiffs' allegations leave any doubt as to the nature of their claims against St. Martin, which the undersigned does not find to be true in this case, this Court is required to resolve close questions in favor of remand. *Manguno*, *supra*. Finally, this Court notes that, even were it to pierce the pleadings to consider the accident report[2], as urged by Defendants, the absence

[2] Plaintiffs offer a copy of the Louisiana Uniform Crash Report issued as to the collision at issue in this case as "Exhibit B" to their Motion to Remand. [Doc. 11-4].

of any reference to defects in Parish Road 16 does not foreclose a finding of negligence against St. Martin, and Defendants offer no evidence that St. Martin did not have custody of Parish Road 16 or a duty to maintain that roadway as explained in *Naquin*.

Considering the foregoing, this Court finds that Plaintiffs' Complaint reasonably states a claim against St. Martin under Louisiana law, such that St. Martin's Louisiana citizenship should not be disregarded for purposes of determining whether complete diversity exists in this matter. As Plaintiffs and St. Martin share Louisiana citizenship, this case falls outside of the Court's diversity jurisdiction.

**<u>Conclusion</u>**

Having found that this suit does not fall within the Court's subject matter jurisdiction because there is not complete diversity of citizenship among the parties, this Court recommends that Plaintiffs' MOTION TO REMAND [Doc. 11] be GRANTED. Accordingly, it is further recommended that Plaintiffs' suit be REMANDED to the 16th Judicial District Court, St. Martin Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 8th day of July, 2026.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**